RICO, INC. *v.* UNITED STATES (No. 5043)[1]

[1] C.A.D. 773.

United States Court of Customs and Patent Appeals, May 5, 1961

Barnes, Richardson & Colburn (Joseph Schwartz, of counsel) for appellant.
George S. Leonard, Acting Assistant Attorney General, Richard E. FitzGibbon, Chief Customs Section (Richard H. Welsh and Samuel D. Spector, trial attorneys, of counsel) for the United States.

Before WORLEY, Chief Judge, and RICH, MARTIN, and SMITH, Associate Judges, and Judge WILLIAM H. KIRKPATRICK.[2]

KIRKPATRICK, Judge, delivered the opinion of the court:

The imported merchandise involved in this appeal from the United States Customs Court consists of whole, frozen strawberries packed (in Mexico) in 27- and 29-pound tins. It was appraised on the basis of export value of admittedly similar merchandise (whole, frozen strawberries packed in 30-pound tins). The Customs Court held that the appraiser's action was correct, and the importer has appealed.

The Tariff Act of 1930, Section 402(d), defines "export value" as "the market value or the price * * * at which such or similar merchandise is freely offered for sale to all purchasers * * * for exportation to the United States," plus certain other items. The importer, in this appeal, has pressed the single point that the decision of the Customs Court was erroneous in that the evidence shows that the merchandise in question was not "freely offered for sale to all purchasers." It does not challenge the holding of the court below to the effect that all other necessary factors of export value are supplied by the presumption of correctness of the appraiser's action.

[2] United States Senior District Judge for the Eastern District of Pennsylvania, designated to participate in place of Judge O'Connell, pursuant to provisions of Section 294(d), Title 28, United States Code.

The evidence shows that frozen strawberries packed in 30-pound tins for export are sold only to the so-called institutional or manufacturing trades such as the bakery and ice cream industries and to processors and preservers and that retail grocers or individuals purchase frozen strawberries in packages of a pound or less and do not, for obvious reasons, purchase such merchandise in the large tins. The appellant's argument, here and before the Customs Court, concisely stated by the latter court, is that "where merchandise is so packed as to make it undesirable for a particular class of purchasers to seek to buy it, those purchasers are, in effect, precluded from that market," and, hence, such merchandise is not "freely offered."

The appellant recognizes that this court has ruled that the expression in the statute, "all purchasers," means "all those who care to buy such goods in such markets" and that the strawberries in question were packed for and freely offered to the institutional and processing trades, but attempts to avoid the impact of that ruling by an argument that the merchandise here involved is strawberries and not strawberries packed in a particular manner suitable for one class of customers only. It does not seem necessary, however, to rest the decision of this case entirely upon the proposition that, when goods are so packed that only one class of customers can use them, they are freely offered to all purchasers, because "all purchasers" means that class of customers to whom they are useful as so packed.

In the present case there is no evidence of any instance of a refusal to sell Mexican, whole, frozen strawberries packed in the large tins to the retail trade or to anyone else, and the appellant's argument that "all purchasers" means exactly that and not merely "all those who care to buy such goods" could be accepted without changing the conclusion reached by the Customs Court.

It may be true that retailers and individuals are not in the class of "those who care to buy" the big tins of strawberries, but there is no evidence to show that the manufacturer would refuse to sell to them. "Offered for sale" does not require active solicitation of customers, nor does it require that the goods be so packaged as to meet the needs of all customers. A restriction inherent in the packaging of the goods which results in only a certain class of customers desiring to purchase such goods is not a restriction upon offering for sale. It would seem that to defeat the conception of a free offering the restriction would be one involving some form of marketing practice resulting in the arbitrary exclusion from the market of certain customers or classes of customers by a refusal to sell to them on an equal footing with others, or at all.

If the appellant's position in this case is sustained, we do not see how it can be said that any merchandise which can be packed in packages of various sizes and kinds is ever freely offered for sale,

except in the rare instance in which a manufacturer distributes his product packed in all conceivable sizes and types of packages. In fact, in the present case, on the appellant's theory a manufacturer who sells frozen strawberries packed in 10- or 12-ounce packages for the retail trade is not freely offering the product to all purchasers, because such items would hardly appeal to processors or manufacturers.

The decision of the Customs Court is *affirmed*.